## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KATHY FOREMAN, as the personal )
representative of the deceased, )
JESSIE FOREMAN, et al., )
                  Plaintiff, )    No.   03 C 187
                                           )
            v. )    JUDGE MANNING
                                           )
CHICAGO POLICE OFFICER JOHNSON, )
                                           )
                  Defendant. )

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant Anthony Johnson, by one of his attorneys, and pursuant to Fed. R. Civ. P. 50, moves this Court for judgment as a matter of law in favor of defendant and against the plaintiff. In support of his motion, defendant states as follows:

### Standard of Review

Federal Rule of  Civil Procedure 50  provides that a court may grant a motion for judgment as a matter of law "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue . . .  Fed.R.Civ.P. 50(a)(1).  A motion for judgment as a matter of law may be made at any time before submission of the case to the jury.  Fed.R.Civ.P. 50(a)(2).  When ruling on a Rule 50 motion, a court must view the evidence presented a trial in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  See, Lopez v. City of Chicago, 464 F.3d 711, 718 (7th Cir. 2006).

<u>**Background Facts**</u>

Plaintiff Kathy Foreman brings this action under 42 U.S.C. §1983. The sole claim to be considered by the jury is a Fourth Amendment claim against defendant Officer Johnson for an unreasonable seizure. Plaintiff waived the Fourteenth Amendment claim set forth in her complaint at the time of the filing of the final pretrial order. Plaintiff's Fourth Amendment claim arises from a shooting incident at the Foreman residence at 23 S. Mayfield, Chicago, Illinois, on the evening of January 11, 2001, after an armed intruder, Jerone Cook, entered the residence. Plaintiff contends that Officer Johnson intentionally shot her husband, Jessie Foreman, and used deadly force against Mr. Foreman that was objectively unreasonable under the circumstances. Defendant Johnson denies these allegations.

Mr. Foreman sustained six gunshot wounds as a result of the incident. One of the bullets recovered from Mr. Foreman's body at autopsy was later determined to have been fired from Officer Johnson's weapon. In March, 2005, Jerone Cook was convicted in the Circuit Court of Cook County of the first degree murder of Jessie Foreman, the attempt first degree murder of Kathy Foreman, and the aggravated discharge of a weapon at the police.

<u>**ARGUMENT**</u>

**I.    Plaintiff did not Establish that Decedent Jessie Foreman was "Seized" within the Meaning of the Fourth Amendment**

While the death of Jessie Foreman is tragic, no violation of the Fourth Amendment occurred in this case. "[A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally *desired*

termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement *through means intentionally applied*." Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989)(emphasis in original). "The Fourth Amendment addresses 'misuse of power,' not the accidental effects of otherwise lawful government conduct." Id. at 596 (citation omitted). To be sure, a police officer's fatal shooting of a fleeing suspect constitutes a Fourth Amendment "seizure." Tennessee v. Garner, 471 U.S. 1, 7 (1985). However, "[v]iolation of the Fourth Amendment requires an intentional acquisition of physical control." Brower, 489 U.S. at 596. Implicit in the word "seizure" is that the detention or taking itself must be willful. Id. In this case, plaintiff has not established that Jessie Foreman was seized by Officer Johnson.

Although Mr. Foreman was struck by one of Officer Johnson's bullets, Mr. Foreman was not the intended target or object of Officer Johnson's justified use of deadly force. The intended target was the deadly armed offender, Jerone Cook. Officer Johnson testified that he fired at muzzle flashes that he saw being fired from behind Mr. Foreman at the southeast bedroom doorway as Mr. Foreman fell out of that bedroom doorway and into the hallway. He further testified that he fired at the threat in order to stop the threat to Mr. Foreman's life. This occurred shortly after Officer Johnson observed plaintiff Kathy Foreman flee from the southeast bedroom, that she had been shot, was bleeding and collapsed to his right in the southwest bedroom, and after he heard additional gunfire coming from the southeast bedroom after Mrs. Foreman fled.

In Schaefer v. Goch, 153 F.3d 793, the Seventh Circuit addressed whether there was a Fourth Amendment seizure under similar circumstances. There, the police responded to a residence where an armed suspect fired upon them. 153 F.3d at 794. At some point, the

suspect's wife came outside onto the porch and the police immediately identified themselves and asked her to get down on the ground.  Id.  When the armed suspect followed her outside onto the porch and grabbed her to take her back inside, the police fired at the suspect, killing both the suspect and his wife.  Id. at 795.  The court determined the police were in no position to stop the movements of the wife or the armed suspect, and therefore no seizure of the wife had occurred.  Id. at 796-97.  The court concluded that the Fourth Amendment was not applicable under these circumstances.  Id. at 797.

The holding of Schaefer, compels the finding that no Fourth Amendment seizure of Jessie Foreman occurred.  Officer Johnson did not exercise any physical control over Mr. Foreman, nor was he in any position to stop Mr. Foreman's freedom of movement.  Furthermore, Officer Johnson testified that he did not intend to shoot or to harm Mr. Foreman.  Based on the evidence presented, no "seizure" within the meaning of the Fourth Amendment occurred because Officer Johnson did not intend to shoot Mr. Foreman, nor did he exercise any control over Mr. Foreman's movements.  Plaintiff has not contradicted this evidence.  Therefore, no "seizure" withing the meaning of the Fourth Amendment occurred in this case, and defendant Officer Johnson is entitled to judgment as a matter of law in his favor.

## II.     Plaintiff did not Establish that Officer Johnson's Actions were Objectively Unreasonable under the Totality of the Circumstances

Even if the plaintiff had established there was a "seizure" of Mr. Foreman, plaintiff has not presented sufficient evidence to establish that Officer Johnson's use of force was objectively unreasonable in light of the facts and circumstances confronting him.  "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make

split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." Graham v. Connor, 490 U.S. 386, 396-97 (1989).  Under the totality of the circumstances that confronted him, Officer Johnson's decision to fire his weapon was objectively reasonable.

Excessive force claims, including deadly force claims, are governed by the  Fourth Amendment reasonableness standard.  Graham v. Connor, 109 S.Ct. 1865, 1871 (1989).   The question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.  Id. at 1872.   Reasonableness is judged from the officer's perspective at the time, rather than with the 20/20 vision of hindsight.  Id.  The evidence presented at trial established that in light of the facts and circumstances confronting him, Officer Johnson's use of deadly force, was not excessive, and therefore, did not violate plaintiff's decedent's Fourth Amendment rights.

When an officer reasonably believes that a suspect's actions places him, his partner, or those in the immediate vicinity in imminent danger of death or serious bodily injury, the officer can reasonably exercise the use of deadly force.  Sherrod v. Berry, 856 F.2d 802, 805 (7th Cir. 1988)(en banc).  Furthermore, in determining whether defendant reasonably believed that deadly force was necessary to prevent death or great bodily harm to himself or another person, it is not necessary that the danger which gave rise to the belief actually existed.  It is sufficient that he reasonably believed in the existence of such a danger, and such reasonable belief is sufficient even where it is mistaken.  In forming such reasonable belief a person may act upon appearances. In other words, it is sufficient that the danger was reasonably apparent. Id. at 807.

The evidence presented at trial established that Officer Johnson's use of deadly force was reasonable under the totality of the circumstances in order to stop Jerone Cook from firing his weapon at Mr. Foreman, and to protect Officer Gilbert from the imminent threat of death or great bodily harm posed by Jerone Cook when Gilbert was in the direct line of Cook's gunfire as Mr. Foreman fell to the hallway floor. If the suspect threatens the officer with a weapon, the risk of serious physical harm to the officer or others has been established. Bell v. Irwin, 321 F.3d 637, 639 (7th Cir. 2003). Although Officer Johnson testified he did not see Jerone Cook exit the southeast bedroom, he did see the muzzle flashes coming from behind Mr. Foreman at the southeast bedroom doorway. Circumstantial evidence establishes that these muzzle flashes were coming from a gun being fired by someone behind Mr. Foreman. Furthermore, it was reasonably apparent to Officer Johnson that a danger existed to Mr. Foreman's life, and also reasonably apparent that there was a threat to Officer Gilbert's life because given Gilbert's position, Gilbert was in the line of Cook's fire as Mr. Foreman fell to the hallway floor. Officer Gilbert's testimony that he saw Cook shooting at Mr. Foreman from behind, and that he feared being shot by Cook and had to move back out of the way from his position at the top of the stairs to avoid Cook's line of fire confirms that Officer Johnson's belief was reasonable.

Under Sherrod, Officer Johnson was entitled to use deadly force under these circumstances because he reasonably believed in the existence of a danger to Mr. Foreman and Officer Gilbert. That belief is reasonable even if Officer Johnson was mistaken in his assessment. Sherrod, 856 F.2d at 807. Moreover, Officer Johnson observed the muzzle flashes behind Mr. Foreman shortly after he saw Mrs. Foreman flee from the southeast bedroom, saw that she had been shot, was bleeding and collapsed to his right in the southwest bedroom, saw

that the offender was not surrendering to the police officers announcing their office and commanding him to show his hands, and after hearing more gunshots coming from the southeast bedroom after Mrs. Foreman fled. The evidence has established that the circumstances confronting Officer Johnson were tense and rapidly evolving. Therefore, given the totality of the circumstances, his use of deadly force was reasonable.

Plaintiff did not witness what Officer Johnson observed at the time he discharged his weapon because she had collapsed in the southwest bedroom closet. She has not proven that Officer Johnson's decision to use deadly force was objectively unreasonable given the totality of the circumstances confronting Officer Johnson at the time he fired his weapon. Therefore, defendant Officer Johnson is entitled to judgment as a matter of law in his favor.

## III.    Defendant Johnson Is Entitled to Qualified Immunity

Under the doctrine of qualified immunity, public officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)(citations omitted). The issue of qualified immunity is a question of law for the court to decide. Alvarado v. Picur, 859 F.2d 448, 450 (7th Cir. 1988). The analysis is two-fold. First, the court determines whether the alleged conduct sets out a constitutional violation. If no constitutional right was violated, then no further inquiry is necessary. If, however, a violation could be made out based on the parties' submissions, the court asks whether the constitutional standards were clearly established at the time of the violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). With respect to the second prong of the test, the court evaluates whether the law was clear in relation to the specific facts

confronting the officer at the time he acted.  Id.; see also, Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 472 (7th Cir. 1997).  Although qualified immunity is a defense to a §1983 suit, plaintiff bears the burden of establishing the elements of this two-part test.  Spiegel v. Cortese, 196 F.3d 717, 723 (7th Cir. 1999).  Plaintiff cannot meet her burden.

Qualified immunity is a viable defense for law enforcement officers accused of using excessive force, including deadly force.  See, Brosseau v. Haugen, 543 U.S. 194 (2004)(per curiam)(deadly force); Saucier, (excessive force).  It operates to protect officers from the sometimes "hazy border between excessive and acceptable force," and to ensure they are on notice that their conduct is unlawful before they are subjected to suit.  Saucier, 533 U.S. at 206 (citation omitted).  Applying the first step of the qualified immunity inquiry to plaintiff's Section 1983 claim of unreasonable seizure shows that the plaintiff has not established the violation of any constitutional right.  As argued in Sections I and II above, Officer Johnson did not seize Mr. Foreman, and the deadly force used by Officer Johnson did not amount to a constitutional violation under the Fourth Amendment.  Furthermore, under the second part of the test, a reasonable officer in Officer Johnson's position, facing the same situation as he faced, could have believed his actions to be lawful under the circumstances.  In other words, it would not be clear to a reasonable officer that his use of deadly force was unlawful in the situation he confronted.  See, Brosseau, 542 U.S. at 199.  Moreover, if Officer Johnson made a reasonable mistake as to the amount of force he could use under the circumstances that confronted him, he is entitled to qualified immunity.  Saucier, 533 U.S. at 205.

Officer Johnson is entitled to qualified immunity because plaintiff cannot establish the violation of any constitutional right, nor can she prove that the constitutional standards were

clearly established at the time of the alleged violation.  Plaintiff cannot present any case that clearly establishes that Officer Johnson should not fire his weapon under the specific circumstances confronting him.  Indeed, under the totality of the circumstances, it would be unclear to any reasonable officer in Johnson's position, then and now, whether he should fire at the muzzle flashes to stop an imminent threat, or wait and let the offender kill Mr. Foreman and/or his fellow officer, at a time when Officer Johnson knows the offender has already shot Mrs. Foreman and is placing the life of Mr. Foreman and his fellow officer, Gilbert, in jeopardy. This is especially true when the decision to shoot or not shoot is being made under dangerous, uncertain and rapidly-evolving conditions.

Because Officer Johnson did not violate decedent's constitutional rights and was not acting contrary to clearly established law based on the specific facts confronting him, he is entitled to judgment as a matter of law in his favor based on qualified immunity.

## CONCLUSION

In light of the foregoing, defendant Officer Anthony Johnson respectfully requests this Court to grant his motion for judgment as a matter of law in his favor and against the plaintiff, and for such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Joseph M. Polick
JOSEPH M. POLICK
Chief Assistant Corporation Counsel

30 N. LaSalle Street - Suite 1400
Chicago, Illinois  60602
(312) 742-0029
Atty. No. 06203682